**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------x

In re                                  :
                                       :

150 FULTON PROPERTY, INC.,      :
                                       :
                                       :

               Debtor.      :

------------------------------------------------------x

RICHARD STERN, as Chapter 7 Trustee of :
the Estate of 150 Fulton Property, Inc.,    :
                                   :  Case No. 18-cv-02208-JFB

              Plaintiff,    :
                                   :

      -against-                 :  On Appeal From: 15-08312 (AST)
                                   :

FRONTSEAT LLC and NEWBANK,   :
                                   :

             Defendant(s).   :

------------------------------------------------------x

## BRIEF OF APPELLANT FRONTSEAT LLC

Dated:      New York, New York
             June 13, 2018

                             Respectfully Submitted,

                             **KLESTADT WINTERS JURELLER**
                             **SOUTHARD & STEVENS LLP**
                             Fred Stevens
                             Andrew S. Richmond
                             200 West 41st Street, 17th Floor
                             New York, New York 10036
                             (212) 972-3000

                             *Attorneys for Frontseat LLC*

## <u>CORPORATE DISCLOSURE</u>

Pursuant to Rule 8012 of the Federal Rules of the Bankruptcy Procedure, Appellant Frontseat LLC is a private non-governmental party, has no corporate parent, affiliate and/or subsidiary which is publicly held.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE ................................................................. ii

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ...............................................................1

JURISDICITIONAL STATEMENT ..........................................................3

STATEMENT OF ISSUES ON APPEAL ..................................................4

STANDARD ON APPEAL ....................................................................4

STATEMENT OF CASE .......................................................................5

    A. The Acquisition of the Tax Deed ................................................5

    B. Procedural History and the Decision ...........................................7

SUMMARY OF ARGUMENT ..............................................................10

ARGUMENT .....................................................................................11

   I.    THE BANKRUPTCY COURT DID NOT HAVE THE AUTHORITY
        TO ENTER A FINAL ORDER ON THE STATE AND LOCAL LAW
        ISSUES OF THE VALIDITY OF THE TAX DEED............................11

   II.   THE BANKRUPTCY COURT ERRED IN FINDING THAT
        FRONTSEAT DID NOT SEND THE MANDATORY NOTICE OF
        REDEEM ITS TAX LIEN(S) TO 150 FULTON PROPERTY AT THE
        150 FULTON STREET ADDRESS ........................................15

   III.  BANKRUPTCY COURT ERRED IN CONCLUDING THAT
        FRONTSEAT DID NOT COMPLY WITH THE NCAC'S
        REQUIREMENT WITH RESPECT TO SERVICE OF THE
        MANDATORY NOTICE TO REDEEM ITS TAX LIEN ....................17

CONCLUSION ..................................................................................21

# TABLE OF AUTHORITIES

*Cases:*

In re Adelphia Commc'n Corp. Sec. & Derivative Litig.,
   2006 WL 337667 (S.D.N.Y. Feb. 10, 2006).......................................13

Am. Express Co. v. Italian Colors Rest., 130 S. Ct. 2401 (2010) ............................5

Baker v. Simpson, 613 F.3d 346 (2d Cir. 2010).......................................12

Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Commerce,
   21 N.Y.3d 55, 967 N.Y.S.2d 876 (2013) ............................................18

Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,
   462 B.R. 457 (S.D.N.Y. 2011).......................................11, 14

DeWitt Rehab & Nursing Ctr., Inc. v. Columbia Cas. Co.,
   464 B.R. 587 (S.D.N.Y. 2012).......................................12

Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165 (2014) ...............................5

Hamdan v. Rumsfeld, 548 U.S. 557, 126 S. Ct. 2746 (2006) ................................19

ICP Strategic Credit Income Fund, Ltd. V. DLA Piper L.L.P.
   (In re ICP Strategic Credit Income Fund Ltd.), 568 B.R. 596 (S.D.N.Y. 2017).14

I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 107 S. Ct. 1207 (1987) ........................19

Italian Colors Rest. v. Am. Express Travel Related Servs. Co.
   (In re Am. Express Merchants' Litig.), 554 F.3d 300, 11 (2d Cir. 2009) ..........5

Majewski v. Broadalbin-Perth Cent. Sch. Dist.,
   91 N.Y.2d 577, 673 N.Y.S.2d 966, 968 (1998)...................................18

MBNA Am. Bank, N.A. v. Hill, 436 F.3d 104 (2d Cir. 2006)...............................12

N. Am. Energy Conservation, Inc. v. Interstate Energy Resource, Inc.,
   2000 WL 1514614 (S.D.N.Y. Oct. 12, 2000).......................................12

Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),
    4 F.3d 1095 (2d Cir. 1993) .................................................................13

Parmalat Capital Fin. Ltd. V. Bank of Am. Corp., 639 F.3d 572(2d Cir. 2011).....11

Patrolmen's Benevolent Association of City of N.Y. v. City of N.Y.,
    41 N.Y.2d 205, 391 N.Y.S.2d 544 (1976)...........................................19
People v. Finnegan, 85 N.Y.2d 53, 623 N.Y.S.2d 546 (1995) ..............................18

Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs.),
    562 F.3d 158 (2d Cir. 2009) ...............................................................4

Publicker Indus. Inc. v. U.S. (In re Cuyahoga Equip. Corp.),
    980 F.2d 110 (2d Cir. 1994) .............................................................11

Residential Funding Co., LLC v. Greenpoint Mortg. Funding, Inc.
    (In re Residential Capital, LLC), 519 B.R. 593 (S.D.N.Y. 2014)...............12, 13

Russello v. U.S., 464 U.S. 16, 104 S. Ct. 296 (1983)...............................................19

Saint-Jean v. Emigrant Mortg. Co., 50 F. Supp. 3d 300 (E.D.N.Y. 2014).............19

U.S. v. Dauray, 215 F.3d 257 (2d Cir. 2000).........................................................18

U.S. Lines v. Am. Steamship Owners Mut. Portection & Indem. Assoc., Inc.
    (In re U.S. Lines, Inc.), 197 F.3d 631 (2d Cir. 1999)...................................12, 13

Universal Oil Ltd. V. Allfirst Bank (In re Millenium Seacarriers, Inc.),
    419 F.3d 83 (2d Cir. 2005) ................................................................12

Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932 (2015) .......................5, 14

Wood, III v. Wood (In re Wood), 825 F.2d 90 (5th Cir. 1987)..............................12

*Other Authorities:*

28 U.S.C. § 157(a) ..............................................................................................3

28 U.S.C. § 157(b)(1) ......................................................................................3, 11

28 U.S.C. § 157(c)(1) ...................................................................................3, 5, 11

28 U.S.C. § 157(c)(2) .........................................................................................14

28 U.S.C. § 158(a) .........................................................................................3, 14

28 U.S.C. § 1334 ................................................................................................3

Federal Rules of Bankruptcy Procedure § 7008(a) ................................................14

Federal Rules of Bankruptcy Procedure § 8002(a)(1) .............................................3

Federal Rules of Bankruptcy Procedure § 8012 ..................................................... ii

Federal Rules of Bankruptcy Procedure § 8013 ......................................................4

Nassau County Administrative Code § 5-51.0(c) ...................................6, 17, 18, 19

Nassau County Administrative Code § 5-37.0 ...............................................18, 19

## PRELIMINARY STATEMENT

Appellant Frontseat LLC ("Frontseat") submits this brief in support of its appeal from the judgment, dated March 29, 2018 (the "Judgment"), of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), in favor of Appellee Richard L. Stern (the "Trustee"), in his capacity as chapter 7 trustee of the estate of 150 Fulton Property, Inc. (the "Debtor"), declaring and determining that a certain treasurer's deed issued by Beaumont A. Jefferson as Treasurer of the County of Nassau, State of New York (the "Nassau County Treasurer"), to Frontseat LLC, dated May 1, 2014 (the "Deed"), transferring title to the real property (the "Property") located at 150 Fulton Street, Farmingdale, New York (the "Property Address") to Frontseat, is null and void, and accordingly, that the Property still belonged to the Debtor.  For the reasons set forth below, the Judgment should be reversed.

The Property contains a gas station, car wash and retail store.  Up until May 1, 2014, the Debtor owned the Property, but was not paying the property taxes owed to Nassau County or other obligations to, among others, its mortgagee and lender NewBank.  Appellee NewBank similarly was not paying the property taxes or curing the Debtor's deficiencies.  As a result, Frontseat purchased certain of Nassau County's tax liens against the Property at public auction.  Frontseat then sent the mandatory notices and right to redeem the tax liens to the Debtor, NewBank and the

Debtor's tenants at the Property, none of which timely redeemed the liens.  As a result of the continued failure, Frontseat applied for and received the Deed from the Nassau County Treasurer in accordance with the Nassau County Administrative Code ("NCAC").  From the issuance of the May 1, 2014 Deed to the entry of the Judgment voiding the Deed on March 20, 2018, Frontseat owned and operated the Property.

On June 20, 2014, the Debtor, by and through new management selected by NewBank, commenced an action in New York State Supreme Court against Frontseat and Nassau County alleging that Frontseat failed to comply with the NCAC in obtaining the Deed (the "State Court Action").  Shortly thereafter, following a failed chapter 11 filing, the Debtor filed for relief under chapter 7 of the Bankruptcy Code and the Trustee was appointed.  The Trustee commenced an action seeking to avoid the transfer of the Property to Frontseat as a fraudulent transfer (the "Fraudulent Transfer Action").  The State Court Action was removed to the Bankruptcy Court and was consolidated with the Fraudulent Transfer Action under a single action before the Bankruptcy Court.  After trial, the Bankruptcy Court issued the Judgment and resolved the issues in the State Court Action in favor of the Trustee and NewBank, and consequently, never reached the issues in the Fraudulent Transfer Action.

The Bankruptcy Court lacked authority to enter the Judgment on the state and local law claims.  Further, even if the Bankruptcy Court had authority to enter the Judgment, it erred in doing so.  The Bankruptcy Court erred in finding that Frontseat failed to serve the requisite notice of the right to redeem its tax liens upon the Debtor based upon the record.  The Bankruptcy Court further erred in concluding as a matter of law that the NCAC requires that the notice of the right to redeem tax liens must be mailed and specifically addressed to the property owner.

For the foregoing reasons as further set forth below, the Judgment must be reversed resulting in the return of the Property to Frontseat, the proper and rightful owner.

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction to hear the case as set forth in 28 U.S.C. § 157(c)(1) but did not have authority to enter the Judgment on the claims that it did as set forth in 28 U.S.C. §§ 157(a), 157(b)(1) and 1334.  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

The instant appeal is from a final Judgment which was signed on March 29, 2018 by the Bankruptcy Court and entered on March 30, 2018, *see* A000006, A000595, and on April 13, 2018, Frontseat timely filed a Notice of Appeal of the Judgment pursuant to Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure.  *See* A000006, A0000599.

## STATEMENT OF ISSUES ON APPEAL

1.      Whether the Bankruptcy Court had authority to enter a final order and judgment on the state and local law claims?

  a.  The applicable standard of review is *de novo*.

2.      Whether the Bankruptcy Court erred in finding that Frontseat did not send the mandatory notice to redeem its tax lien(s) to the Debtor at the 150 Fulton Street, Farmingdale, NY address?

  a.  The applicable standard of review is *de novo*.

3.      Whether the Bankruptcy Court erred in concluding that Fronseat did not comply with the Nassau County Administrative Code's requirements with respect to service of the mandatory notice to redeem its tax lien?

  a.  The applicable standard of review is *de novo*.

## STANDARD ON APPEAL

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Court "may affirm, modify, or reverse [the] bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  A bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions are reviewed *de novo*.  Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs.), 562 F.3d 158, 161 (2d Cir. 2009).  The Court reviews "mixed questions of law and fact either *de*

*novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.), 554 F.3d 300, 315 n. 11 (2d Cir. 2009) (internal quotation marks and citation omitted), *vacated on other grounds by* Am. Express Co. v. Italian Colors Rest., 130 S. Ct. 2401 (2010).

However, where, as here, the bankruptcy court heard a non-core proceeding, the bankruptcy court "may only 'submit proposed findings of fact and conclusion of law,' which the district court reviews *de novo*." Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1940 (2015) (quoting 28 U.S.C. § 157(c)(1)); Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2173 (2014).   Accordingly, this Court reviews all findings and conclusions of the Bankruptcy Court *de novo*.

## STATEMENT OF CASE

### A. The Acquisition of the Tax Deed

The Debtor acquired real property located at 150 Fulton Street, Farmingdale, New York 11735 (defined herein above as the "Property" and the address as the "Property Address") on or about June 10, 2008. *See* A000049.  The Debtor financed the purchase of the Property through two loans from NewBank which were secured by a first and second mortgage against the Property. *See* A000065.

After the Debtor failed to pay its Nassau County school taxes for 2010-2011 and general property taxes for 2011 (the "Unpaid Taxes"), Nassau County obtained

liens against the Property under the NCAC (the "Tax Liens").  *See* A000839.
Thereafter, Nassau County commenced a tax forfeiture proceeding under the NCAC.
*See* A000582.

On February 22, 2012 and September 10, 2013, Frontseat acquired two Tax
Liens against the Property, one from the Nassau County Treasurer in the amount of
$214,345.99 and the other by assignment in the amount of $188,596.50.  *See*
A000049, A000050.  Section 5-51.0(c) of the NCAC requires the holder of a tax lien
to serve notice of the right to redeem the tax lien on the owner of the property.  For
a non-resident owner, the notice is to be sent "by certified mail, postage paid, return
receipt requested, showing address where delivered, and addressed to such person's
last known address."[1]  NCAC § 5-51.0(c); *see* A000805.

Frontseat reviewed the records of the Nassau County Tax Receiver, the New
York State Department of State and other places to confirm the proper address for
the Debtor to serve the mandatory notice to redeem both Tax Liens (the "Notice").
*See* A000060, A000061 The records listed 20 Gwynne Road, Melville, New York
(the "Melville Address") as the Debtor's proper and chosen address for service of
process.  *See id*.  On November 22, 2013, Frontseat served the Notice on various
parties, including the Debtor.  *See* A000060, A000760–A000762.  Specifically,

---

[1] The statute further provides that "[t]he receipt of the postmaster for such certified mail and the return card by the post office and the affidavit of the person mailing it, setting forth the means by which the last known address was ascertained, shall be sufficient evidence of the service of the notice."

Frontseat sent the Notice to, among others, 150 Fulton Property Inc., 20 Gwynne Road, Melville, NY 11787 and Current Tenant/Occupant, 150 Fulton Street, Farmingdale, NY 11735.[2] *See* A000762.   As required by the NCAC, the Notice advised the recipients that they had until February 23, 2014 to redeem the Tax Liens by paying the Unpaid Taxes, after which date Frontseat as the holder of the Tax Liens could apply for a trustee deed to the Property or begin a foreclosure proceeding.  *See* A000760.

On December 13, 2013, Frontseat served a second and supplemental notice of opportunity to redeem the Tax Liens on various parties.  *See* A000769.  On March 21, 2014, Frontseat applied to the Nassau County Treasurer for a trustee deed to the Property.  *See* A000773.  Thereafter, on May 1, 2014, the Nassau County treasurer issued the Deed to the Property to Frontseat.  *See* A000776.

## B. Procedural History and the Decision

On October 3, 2014, the Debtor installed Michael Berg as the Vice President of the Debtor under the direction of NewBank.  *See* A000121–A000126.  On June 20, 2014, the Debtor commenced the State Court Action in the Supreme Court of New York, Nassau County against Frontseat, NewBank and the County of Nassau. *See* A000669.  In the State Court Action, the Debtor alleged that Frontseat failed to

---

[2] Frontseat also sent notices to Signarama, 150 Fulton Street, Suite 2, Farmingdale, New York, Current Tenant/Occupant, 166 Fulton Street, Farmingdale, New York and NewBank, 146-01 Northern Boulevard, Flushing, New York 11354.

comply with the provisions of the NCAC, and that consequently, the Nassau County Clerk should set aside the transfer of the Property to Frontseat pursuant to the Deed issued by the Nassau County Treasurer. *See id*. On October, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which was dismissed by the Bankruptcy Court upon motion of Frontseat. *See* A000438, A000439. On June 26, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and the Trustee was appointed. *See* A000580.

On September 24, 2015, after Frontseat answered the State Court Action, *see* A000680, the Trustee filed a Notice of Removal of the State Court Action to the Bankruptcy Court. *See* A000663. The Bankruptcy Court assigned index number 15-08264 to the State Court Action. *See* A000661.

The Trustee commenced the separate Fraudulent Transfer Action in the Bankruptcy Court on December 17, 2015 against Frontseat under index number 15-08312. *See* A000008. In the Fraudulent Transfer Action, the Trustee asserted three causes of action – (1) to avoid the transfer of the Property pursuant to the Deed as a fraudulent conveyance, and to turn over and preserve the Property for the benefit of the Debtor's estate, (2) to equitably subordinate Frontseat's claims against the Debtor, and (3) to disallow Frontseat's claim against the Debtor. *See* A000012–A000016. That same day, the Trustee moved to consolidate the State Court Action

8

with the Fraudulent Transfer Action. *See* A000018. By Order dated March 14, 2016, the Bankruptcy Court consolidated the State Court Action with the Fraudulent Transfer Action (the Fraudulent Transfer Action together with the State Court Action, collectively referred to as this "Action") and dismissed all claims against Nassau County. *See* A000035.

On March 29, 2016, Frontseat filed "Defendant's Statement of Core/Non-Core Jurisdiction" in which Frontseat stated the causes of action of the State Court Action "are non-core." *See* A000038. Frontseat expressly withheld consent to the Bankruptcy Court's entry of final orders and judgments in determining the issues raised in the State Court Action. *Id*. Frontseat did, however, state that the causes of action raised in the Fraudulent Transfer Action were core proceedings, and accordingly, that the Bankruptcy Court had authority to finally determine them. *Id*.

On April 3, 2017, the Bankruptcy Court conducted the trial in this Action (the "Trial"). *See* A000269. On February 14, 2018, the Bankruptcy Court issued its Post-Trial Decision and Order (the "Decision"). *See* A000579. The Bankruptcy Court found and determined that the entire Action, including those claims asserted under state and local law, was a core proceeding and that accordingly, it had authority to enter a final judgment on all claims. *See* A000580. The Bankruptcy Court then found and concluded that the Deed issued to Frontseat was void because service of the Notice did not comply with the NCAC *See* A000580, 000594. The

Bankruptcy Court never reached any of the claims asserted by the Trustee on the Fraudulent Transfer Action, which the Bankruptcy Court deemed moot based upon its ruling on the state law claims. *See* A000594. On March 30, 2018, the Bankruptcy Court entered the Judgment based upon the Decision in favor of the Trustee declaring the Deed null and void and directing the Clerk of the County of Nassau to record the Judgment against the Property and instructing the Clerk to vacate the Deed. *See* A000006, A000595.

Frontseat timely filed its notice of appeal on April 13, 2018. *See* A000599.

## <u>SUMMARY OF ARGUMENT</u>

First, the Bankruptcy Court erred as a matter of law when it issued the final Judgment on a non-core claim based on state law when Frontseat did not consent to final adjudicatory authority of the Bankruptcy Court for that matter.

Second, even if the Bankruptcy Court had authority to enter into a final order, the Bankruptcy Court erred in finding that Frontseat failed to provide notice to the Debtor at the Property Address as the parties agreed and it is uncontroverted based upon the record that Frontseat did in fact provide the necessary notice to the Debtor at the Property Address.

Third, the Bankruptcy Court erred in concluding that Frontseat failed to strictly comply with the NCAC as the NCAC only requires notice to be mailed to the property owner's last known address and does not require the notice to be

specifically addressed to the property owner as the recipient of the Notice.

## ARGUMENT

## I.   THE BANKRUPTCY COURT DID NOT HAVE THE AUTHORITY TO ENTER A FINAL ORDER ON THE STATE AND LOCAL LAW ISSUES OF THE VALIDITY OF THE TAX DEED

A bankruptcy court can enter a final judgment in "all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section. . . ."  28 U.S.C. § 157(b)(1).  In a non-core proceeding but "is otherwise related to a cause under title 11," a bankruptcy court may "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court" after reviewing the proposals *de novo*.  Id. § 157(c)(1); Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 463 (S.D.N.Y. 2011) ("With respect to non-core claims, by contrast, the Bankruptcy Court can only make recommended findings of fact and conclusions of law, subject to *de novo* review in District Court, which then exercises final adjudicative power.").  A proceeding is "'related to' a title 11 case if the action's 'outcome might have any "conceivable effect" on the bankrupt estate.'"  Parmalat Capital Fin. Ltd. V. Bank of Am. Corp., 639 F.3d 572, 579 (2d Cir. 2011) (quoting Publicker Indus. Inc. v. U.S. (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1994)).

In defining a core proceeding, the district court noted "[a] proceeding that

11

involves rights created by bankruptcy law, or that could arise only in a bankruptcy case, is a core proceeding." DeWitt Rehab & Nursing Ctr., Inc. v. Columbia Cas. Co., 464 B.R. 587, 591 (S.D.N.Y. 2012) (citing MBNA Am. Bank, N.A. v. Hill, 436 F.3d 104, 108–09 (2d Cir. 2006)); see Baker v. Simpson, 613 F.3d 346, 350–51 (2d Cir. 2010) (noting that although the definition of "arising in" is not entirely clear, "it covers claims that 'are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of bankruptcy." (quoting Wood, III v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). "Conversely, a claim is non-core if it 'does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction.'" Residential Funding Co., LLC v. Greenpoint Mortg. Funding, Inc. (In re Residential Capital, LLC), 519 B.R. 593, 600 (S.D.N.Y. 2014) (quoting DeWitt Rehab & Nursing Ctr., Inc., 464 B.R. at 591); see N. Am. Energy Conservation, Inc. v. Interstate Energy Resource, Inc., No. 00-40563(PCB), 00-2276, 00CIV4302(SHS), 2000 WL 1514614, at *2 (S.D.N.Y. Oct. 12, 2000). In determining whether an action is a core or non-core proceeding, the court is to consider "(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization." Universal Oil Ltd. V. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 97 (2d Cir. 2005) (quoting U.S. Lines v. Am. Steamship Owners Mut. Portection & Indem. Assoc., Inc. (In re U.S. Lines, Inc.),

197 F.3d 631, 637 (2d Cir. 1999)); see In re Adelphia Commc'n Corp. Sec. & Derivative Litig., No. 03 MDL 1529(LMM), 05 Civ.9050, 05 Civ.9250, 05 Civ.9285, 2006 WL 337667, at *4 (S.D.N.Y. Feb. 10, 2006) (applying the U.S. Lines analysis to RICO, BHCA and state law tort claims).  With regard to the second factor, a proceeding can be considered core "if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceeding, or (2) the proceeding directly affects a core bankruptcy function."  Universal Oil Ltd., 419 F.3d at 97 (citation and internal quotations omitted).

That being said, a bankruptcy court's limitation on its ability to render a final judgment has no bearing on its jurisdiction over non-core matters.  In re Residential Capital, 519 B.R. at 601.  Similarly, "the mere fact that a bankruptcy court has jurisdiction over a matter cannot establish that the matter is core."  Id.; Dev. Specialists, Inc., 462 B.R. at 471 ("However, Stern makes clear that the issues of jurisdiction and final adjudicative power are distinct.").  Moreover, "the mere fact that the proceeds of a successful claim would inure to the benefit of the estate and its creditors [does] not make it a core claim."  In re Residential Capital, 519 B.R. at 602 (citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993)).

The exception to the general rule is where the parties consent to the

bankruptcy court adjudicating a non-core matter.  See 28 U.S.C. § 157(c)(2).[3]  The

consent can be express or implied.  Wellness Int'l Network, 135 S. Ct. at 1947; Dev.

Specialists, Inc., 462 B.R. at 470; see ICP Strategic Credit Income Fund, Ltd. V.

DLA Piper L.L.P. (In re ICP Strategic Credit Income Fund Ltd.), 568 B.R. 596, 605

(S.D.N.Y. 2017).  "However, where a jury right is asserted, any consent to final

adjudication in Bankruptcy Court must be express."  Dev. Specialists, Inc., 462 B.R.

at 470.  Rule 7008 of the Federal Rules of Bankruptcy Procedure provide for the

parties to submit a statement that the proceeding is core or non-core and if it is non-

core, whether the pleader consents to entry of final orders or judgment by the

bankruptcy judge.  Fed. R. Bankr. P. 7008(a).

Here, the claims determined by the Decision and Judgment are squarely non-

core claims rooted in state law.  The Bankruptcy Court Decision dealt exclusively

with the State Court Action and never reached or addressed any of the core claims

asserted by the Trustee in the Fraudulent Transfer Action.  See A000594.  Moreover,

the State Court Action preceded the bankruptcy filing and is unrelated to the

bankruptcy.  See A000669.  Finally, Frontseat explicitly denied final adjudicatory

authority of the Bankruptcy Court related to the state law claims asserted in the State

Court Action.  See A000038.  Therefore, the Bankruptcy Court lacked authority to

---

[3] "Notwithstanding the provisions of paragraph (1) of this subjection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgment, subject to review under section 158 of this title."

enter the Judgment and it must be vacated on those grounds.

## II.    THE BANKRUPTCY COURT ERRED IN FINDING THAT FRONTSEAT DID NOT SEND THE MANDATORY NOTICE OF REDEEM ITS TAX LIEN(S) TO 150 FULTON PROPERTY AT THE 150 FULTON STREET ADDRESS

The Bankruptcy Court found that Frontseat failed to serve the mandatory Notice to redeem on the Debtor at the Property Address.  *See* A000585.  However, the Bankruptcy Court acknowledges in its own Decision that Frontseat *did* serve the Notice at the Property Address, which is also clear from a review of the record and was a fact stipulated by the parties.  *See* A000050, A000583, A000760, A000838. As further stated below, the Bankruptcy Court's contradictions in its own Decision and failure to acknowledge and explain the contradictions render the finding erroneous.

Specifically, the Bankruptcy Court found that Frontseat served the Notice to redeem "on various parties, including Debtor, but sent the notice to redeem to Debtor only at the Melville Address, not at the Property [A]ddress."  *See* A000583.  In the footnote, the Bankruptcy Court elaborates and sets forth all of the addresses which Frontseat sent notice to.  Included in the list is "current tenant at 150 Fulton Street, Farmingdale, New York [the Property Address]"  *Id*., n. 4.[4]  Yet, in the end of the Finding of Fact and Conclusion of Law section of the Decision, the Bankruptcy

---

[4] It is worth noting that the notice sent to the 150 Fulton Street address was actually addressed to "Current Tenant/Occupant." Use pp. 118, 1229 – 1231.

Court ignored its prior acknowledgment and found that "[i]t is undisputed that Frontseat never sent the mandatory notice to redeem to Debtor at the Property address." *See* A000585.

The fact that the Notice sent to the Property Address was addressed to the "Current Tenant/Occupant" rather than the Debtor may be an issue that the Bankruptcy Court or this Court would want to address.  However, the Bankruptcy Court never acknowledged the issue of the addressee of the Notice served at the Property Address, and never discussed whether that issue meant that service of the Notice upon the Debtor at the Property Address was effective or ineffective.  Rather, the Bankruptcy Court simply ignored that the Notice was actually sent to the Property Address in improperly finding that "Frontseat never sent the mandatory notice to redeem to Debtor at the Property address."  The Bankruptcy Court's handling of this specific, critical factual finding was improper and ignored the record.

The contents of the remainder of the Bankruptcy Court's Decision, including the legal conclusion which is challenged below, is premised upon the erroneous finding that the Notice was not sent to the Property Address.  The Judgment must be vacated for the reason that it is entirely premised upon a clearly erroneous finding of fact.

### III.   THE BANKRUPTCY COURT ERRED IN CONCLUDING THAT FRONTSEAT DID NOT COMPLY WITH THE NCAC'S REQUIREMENT WITH RESPECT TO SERVICE OF THE MANDATORY NOTICE TO REDEEM ITS TAX LIEN

As set forth above, the Bankruptcy Court never properly discussed whether service of the Notice complied with the NCAC because it completely ignored the fact that Frontseat served the Notice at the Property Address.  Accordingly, while this Court always reviews any conclusion of law of the Bankruptcy Court *de novo*, the Bankruptcy Court never even discussed this issue properly in the first instance because all legal conclusions in the Decision were premised upon an erroneous factual finding as discussed in Section II, above.  Accordingly, there is no record for this Court to either agree or disagree with and this Court must address this issue properly for the first time.

The NCAC only requires notice of the right to redeem a tax lien to be sent to the property owner's last known address without the need to name the property owner in the notice.  Specifically, the tax lien holder is required to send the notice to redeem "by certified mail, postage paid, return receipt requested, showing address where delivered, and addressed to such person's last known address."  NCAC § 5-51.0(c).  The statute only requires the notice to be "addressed to such person's last known address" but does not require the notice to name the property owner on the envelope.  Id.  This is in direct contrast with NCAC § 5-37.0, the section addressing

17

the notice requirement of the County to the property owner, which requires notice "to be sent by first class mail to the *name* and address of the record owner or occupant and mortgagee . . ."  NCAC § 5-37.0 (emphasis added).

      With regard to statutory interpretation, both state and federal courts agree that the starting point is the statute's plain meaning.  U.S. v. Dauray, 215 F.3d 257, 260 (2d Cir. 2000) ("Our starting point in statutory interpretation is the statute's plain meaning, if it has one."); Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 583, 673 N.Y.S.2d 966, 968 (1998) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.").  The plain language of NCAC § 5-51.0(c) only requires the notice to be addressed to the property owner while not requiring the notice to name the property owner as well. "The absence of this word is meaningful and intentional as we have previously observed that the failure of the legislature to include a term in a statute is a significant indication that the exclusion was intended."  Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Commerce, 21 N.Y.3d 55, 61, 967 N.Y.S.2d 876, 879 (2013); see People v. Finnegan, 85 N.Y.2d 53, 58, 623 N.Y.S.2d 546 (1995) ("We have firmly held that the failure of the legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended.").

      This is bolstered by the fact that Section 5-37.0 specifically requires notice

"to be sent by first class mail to the *name* and address of the record owner . . ." NCAC § 5-37.0 (emphasis added).  "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 432, 107 S. Ct. 1207, 1213 (1987) (quoting Russello v. U.S., 464 U.S. 16, 23, 104 S. Ct. 296, 300 (1983)); see Hamdan v. Rumsfeld, 548 U.S. 557, 578, 126 S. Ct. 2746, 2765 (2006) ("A familiar principle of statutory construction . . . is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute."); Saint-Jean v. Emigrant Mortg. Co., 50 F. Supp. 3d 300, 323 (E.D.N.Y. 2014); Patrolmen's Benevolent Association of City of N.Y. v. City of N.Y., 41 N.Y.2d 205, 208–09, 391 N.Y.S.2d 544, 546 (1976) ("Hence, where as here the statute describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.") (internal quotation and citation omitted).  Therefore, the contrast between the two statutes highlights the fact that while Section 5-37.0 of the NCAC requires the notice to be mailed to the name and address of the record owner, Section 5-51.0(c) only requires the notice to be addressed to the record owner, irrespective of the name on the notice.

It is undisputed that Frontseat mailed the Notice to the Property Address

19

addressed to the "Current Tenant/Occupant."   The Trustee acknowledges and the Decision notes (but later ignores) that Frontseat sent notice to "Current Tenant/Occupant 150 Fulton Street, Farmingdale, New York."   *See* A000050, A000583, A000840.  The fact that the notice was mailed to the property owner was sufficient and the fact that the notice did not name the property owner by name is irrelevant.  The statute only requires the notice to be mailed to the property owner's last known address but does not require the notice to be specifically addressed to the property owner.  Further, Frontseat did in fact serve the Notice upon the Debtor at the address designated by the Debtor as its address for service of process with the New York State Department of State.  *See* A000829, A000840.

By finding that Frontseat failed to serve the Notice on the Debtor at the Property Address, even though it is undisputed that the Notice was sent to the Property Address, albeit addressed to "Current Tenant/Occupant," the Bankruptcy Court is implicitly concluding that the Notice must be mailed and specifically addressed to the property owner, a finding that directly contradicts the statute's plain language.  Therefore, because the Notice was sent to the Property Address and Frontseat strictly complied with the NCAC's notice requirements, the Bankruptcy Court's Decision and Judgment should be reversed.

## <u>CONCLUSION</u>

For all these reasons, the Court should reverse the Bankruptcy Court's Decision and Judgment and enter judgment in favor of Frontseat.  Upon reversal, Frontseat requests the Court to remand this Action to the Bankruptcy Court to address the remaining causes of action raised in the Fraudulent Transfer Action.


Dated:   New York, New York
            June 13, 2018

> **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
>
> By:   */s/ Fred Stevens*
> _____
> Fred Stevens
> Andrew S. Richmond
> 200 West 41st Street, 17th Floor
> New York, New York 10036
> Tel: (212) 972-3000
> Fax: (212) 972-2245
> Email: fstevens@klestadt.com
>             arichmond@klestadt.com
>
> *Counsel to Appellant Frontseat LLC*

Case 2:18-cv-02208-JFB   Document 5   Filed 06/13/18   Page 28 of 28 PageID #: 1916

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Federal Rules of Bankruptcy Procedure 8015(a)(7)(B)(i).  It contains 4974 words, excluding material not counted under Federal Rules of Bankruptcy Procedure 8015(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman type.


Dated:      June 13, 2018
            New York, New York



            */s/ Fred Stevens*
            Fred Stevens